IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIAM JENKINS, | ) | |
| | ) | CIVIL FILE ACTION NO. |
| Plaintiff, | ) | 1:16-CV-00217-LMM |
| | ) | |
| v. | ) | |
| | ) | |
| SAMSON TOURS, INC. d/b/a | ) | |
| SAMSON TRAILWAYS, and | ) | |
| PROSOURCE, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff William Jenkins ("Plaintiff"), and Defendants Samson Tours, Inc. and ProSource, Inc. ("Defendants") (collectively "the Parties"), jointly request that this Court approve the Parties' settlement of the above captioned matter. Because Plaintiff's action and claims arise in part under the Fair Labor Standard Act ("FLSA"), the Parties' settlement agreement must be approved by this Court and said approval must be entered as a stipulated final judgment.

### I.    Legal Principles

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees.

{00693258.DOCX / }

First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960,961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

{00693258.DOCX / }

*Lynn's Food Stores*, 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement agreement to resolve and release Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against his former employers, which was adversarial in nature. During the litigation and settlement of this action, Plaintiff was represented by experienced counsel.

The Parties agree that the instant action involves disputed issues regarding the payment of overtime wages under the FLSA. The Parties dispute whether Plaintiff was entitled to overtime during his employment with Defendants. Defendants contend that Plaintiff was exempt from the FLSA's overtime requirements under the executive and/or administrative exemption, 29 U.S.C. § 213, while Plaintiff contends he was not exempt. The Parties further dispute the number of overtime hours Plaintiff worked during his employment with Defendants. Plaintiff contends he worked an average of over 60 hours per week, many of which were off the clock. Defendants contend that Plaintiff was properly compensated for all hours worked during his employment. The Parties also disagree whether liquidated damages are appropriate.

{00693258.DOCX / }

The Parties agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and his counsel discussed the disputed factual and legal issues over the phone. The Parties formulated and exchanged their own proposed settlement figures. The Parties then engaged in settlement discussions, based upon their independent calculations. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement agreement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

## II.    Summary of the Settlement

The Parties' settlement agreement is attached hereto as "Exhibit A." Plaintiff alleges that, during the period from approximately November, 2014, to July, 2015, he worked an estimated twenty to thirty hours a week for which he did not receive overtime compensation. During this period Plaintiff contends that he frequently worked off the clock in order to complete his work. Specifically, Plaintiff contends that he worked at least 600 overtime hours without proper compensation during his employment. Defendants deny that Plaintiff is entitled to any additional compensation.

Using Plaintiff's good faith estimate of how much overtime he worked weekly and his overtime rate of $20 to $30 per hour, Plaintiff's maximum potential

4

unpaid overtime would be approximately $40,000. Under the terms of the settlement agreement, the settlement amount for Plaintiff's FLSA claim is $41,500. In addition, Plaintiff's counsel will receive $26,000.

## III.   Conclusion

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss the instant action as well as any and all other pending claims between the Parties without prejudice.

A proposed Order granting the relief requested herein is attached to this Motion as Exhibit "B" hereto.

Respectfully submitted this 24th day of February, 2016.

| | |
|---|---|
| s:/*Job J. Milfort* | s:/*Randy C. Gepp* |
| Job J. Milfort (w/express permission) | Randy C. Gepp |
| GA Bar No. 515915 | GA Bar No. 291375 |
| job@pmlawteam.com | rgepp@taylorenglish.com |
| **PRIOLEAU & MILFORT, LLC** | **TAYLOR ENGLISH DUMA LLP** |
| 271 17th Street, N.W. Suite 520 | 1600 Parkwood Circle, Suite 400 |
| Atlanta, GA 30363 | Atlanta, Georgia 30339 |
| Telephone: (404) 681-4886 | Telephone: (770) 434-6868 |
| Facsimile: (404) 920-3330 | Facsimile: (770) 434-7376 |
| | |
| **Attorneys for Plaintiff** | Jim Fletcher |
| **William Jenkins** | **JIM FLETCHER LAW** |
| | Building 15, Suite B |
| | 8565 Dunwoody Place |
| | Atlanta, Georgia 30339 |
| | **Attorneys for Defendants** |

{00693258.DOCX / }

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document has been prepared using Times New Roman 14 point font in compliance with LR 5.1.

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served the foregoing **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Job Milfort, Esq.
Prioleau & Milfort, LLC
271 17th St N.W. Suite 520
Atlanta, GA 30363

Jim Fletcher, Esq.
Jim Fletcher Law
Building 15, Suite B
8565 Dunwoody Place
Atlanta, GA 30350

Respectfully submitted this 24th day of February, 2016.

s:/*Randy C. Gepp*
Randy C. Gepp
GA Bar No. 291375
rgepp@taylorenglish.com

**Attorneys for Defendants**

{00693258.DOCX / }